State vs. Bayonne.

---

No. 9189.

THE STATE OF LOUISIANA VS. FRANÇOIS BAYONNE.

The words "*goods and chattels*" are not sacramental in an indictment for larceny.   The word "*property*" used is generic and implies personal property, goods and chattels.

APPEAL from the Eleventh District Court, Parish of Natchitoches. Pierson, J.

J. C. *Egan*, Attorney General, and D. C. *Scarborough*, District Attorney, for the State, Appellee.

*Ponder & Ponder* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The accused appeals from the judgment, rendered on a verdict of conviction, sentencing him to one year at hard labor, on a charge of larceny.

He complains, in his motion in arrest, that the indictment is defective.

The charge is couched in the following language :

" Did feloniously steal, take and carry away, one pistol of the value of ten dollars, the property of J. J. Garland." (The name of the owner was subsequently replaced, by amendment, by that of William Powell.)

The objection is that the indictment does not contain the words : " *goods and chattels* " which are alleged to be sacramental, in all prosecutions for larceny.

In overruling the motion to quash the district judge properly said :

" The language employed does not admit of two interpretations and imports a charge of larceny.  The property alleged to have been stolen, viz : a pistol, is necessarily personal property or chattel."

Indeed, the word "property" used is generic and implies the words " goods and chattels."

In the case of State vs. Odem, 11 Tex. 17, it was expressly decided that the indictment that charged the larceny of one piece of domestic as " *the property of* " was good, notwithstanding the omission of the words " *goods and chattels*."

On the other hand, it has likewise been held that, charging the larceny of bank-bills as " *the goods and chattels of A*" is sufficient, without alleging that they were the "*property of A*," the word chattel denoting property and ownership.   Waterman, C. D. p. 392, No. 221.

In the case of State vs. Carter, 33 A. 1214, the present Court has ruled that the description of the thing stolen, in an information for larceny being : " one hog, *the property of* A B," is sufficient.   See authorities there cited.

Judgment affirmed.